## McDermott v. McDermott et ux. (No. 1)

*James J. Powell* and *Maurice V. Cummings,* for plaintiff.

*Joseph J. Walsh,* for defendants.

HOBAN, P. J., June 10, 1954.—The preliminary objections to plaintiff's complaint in equity were dismissed on April 19, 1954, and defendants directed to answer over in 10 days. Instead of answering, on May 3, 1954, defendants filed a document labeled, "Notice of Filing Requests for Answers to Written Interrogatories and Petition" and served a copy thereof on counsel for plaintiff. On May 6, 1954, plaintiff entered a præcipe for judgment by default for failure to file an answer as permitted by Pa. R. C. P. 1511, and the prothonotary duly entered judgment thereon. On May 12, 1954, plaintiff filed a motion to strike off the paper filed, meaning the "Notice of Filing Requests for Answers to Written Interrogatories". On May 17, 1954, defendants filed a petition to open the judgment by default and to be permitted to enter a defense, together with a draft of a proposed answer. On this petition a rule to show cause was granted. On May 20, 1954, defendants filed a motion to dismiss plaintiff's motion to strike off the paper filed, and on the same day plaintiff filed an answer to the rule to open judgment.

The motion to strike off the paper filed to require answers to written interrogatories must prevail. Clearly the effort of defendants is to serve written interrogatories on plaintiff, an adverse party. The procedure for this is regulated by Pa. R. C. P. 4005 and requires prior approval by the court. No such approval was obtained. Hence the notice and request is void and must be stricken off.

Now, June 10, 1954, defendants' motion to dismiss the rule to strike off is denied, and the rule to show cause why defendants' notice for filing requests for answers to written interrogatories directed to plaintiff should not be stricken off is made absolute and the said notice is directed to be stricken from the record.